UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS RAFAEL HERNANDEZ,

      Petitioner,

    v.                         Case No.:  2:26-cv-01075-SPC-DNF

MARKWAYNE MULLIN *et al.*,

      Respondents,

                                 /

## OPINION AND ORDER

Before the Court are petitioner Carlos Rafael Hernandez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Hernadez's reply (Doc. 11).  For the below reasons, the Court grants the petition.

Hernandez is a native of Cuba who was admitted into the United States as a refugee in 1979.  On July 15, 1993, he was convicted of possession of cocaine with intent to distribute, and an immigration judge ordered him removed to Cuba on April 14, 2010.  After unsuccessfully attempting to remove Hernandez to Cuba, Immigration and Customs Enforcement ("ICE") released him under an order of supervision.  Hernandez has complied with all terms of the order in the 16 years since.  He now resides in or near Tampa, Florida with his U.S. citizen wife and two U.S. citizen children.

On November 20, 2025, ICE arrested Hernandez when he reported for a scheduled check-in. ICE has taken Hernandez to the Mexican border twice since his arrest, but Hernandez expressed fear of removal to Mexico and declined to cross the border. Hernandez is currently detained at Alligator Alcatraz.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day

removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting

framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government acknowledges the six-month period for presumptively

reasonable detention has expired, so *Zadvydas*'s burden-shifting framework

applies.  Hernandez has carried his initial burden by showing a good reason to

believe there is no significant likelihood of removal in the reasonably

foreseeable future.  ICE has been unable to remove him to Cuba since 2010,

and no change in circumstances makes removal more likely now.

The burden thus shifts to the government.  ICE points to its attempts to

send Hernandez to Mexico.  But the evidence before the Court suggests those

were informal efforts to compel voluntary departure, not above-board removal

attempts that complied with statutory and constitutional requirements.  *See*

*Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th

Cir. 1999) ("Failing to notify individuals who are subject to deportation that

they have the right to apply for asylum in the United States and for

withholding of deportation to the country to which they will be deported

violates both INS regulations and the constitutional right to due process."); *see*

*also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture).  ICE makes no attempt to show it can lawfully remove Hernandez in the reasonably foreseeable future.

The Court finds no significant likelihood Hernandez will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Hernandez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Carlos Rafael Hernandez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Hernandez within 24 hours of this Order and facilitate his transportation from the facility by notifying his counsel when and where he may be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record